## Crawford, Executor, *v.* Evans, Appellant.

*Landlord and tenant—Bond of indemnity to secure property.*

Defendant executed a penal bond to the "heirs of H. D. Crawford."
The condition of the bond was "that whereas the said heirs have issued a
landlord's warrant against their tenant James M. Bell, to collect rent due
from him, said J. M. Bell, and whereas, said heirs propose to give said
James M. Bell indulgence until the 1st day of September, 1892, now if
said James Bell and his wife shall retain and keep all their property in
their house, and shall remove none of said property from their present
house before said 1st of September, 1892, so that all the property belong-
ing to said James M. Bell and wife, or either of them, shall remain on
said premises on said 1st of September, 1892, without fraud or further
delay, then this obligation to be void and of none effect, otherwise to be
and remain in full force and virtue." The goods remained upon the de-
mised premises until after the expiration of the time named in the bond,
but the tenants barred the house, and prevented the landlord from levying
for his rent. *Held*, that defendant was not liable on the bond. In such
case the bond imposed no duty upon defendant to so control the action of
the tenants that they would not prevent access to or seizure of the goods
for rent.

Argued Oct. 12, 1893. Appeal, No. 151, Oct. T., 1893, by
defendant, Margaret Evans, from judgment of C. P. Mercer Co.,
Jan. T., 1893, No. 177, on verdict for plaintiff, A. Crawford, ex-
ecutor of H. D. Crawford, deceased. Before STERRETT, C. J.,
GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Appeal by defendant from judgment of justice of peace on
bond to secure property on premises. Before MEHARD, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant's points were among others as follows :

" 2. Defendant's only undertaking was that the goods of J. M. Bell should not be removed prior to the first day of September, 1892. *Answer :* That is true if the goods were left there in good faith, so as to be beneficially answerable to the plaintiffs for their rent due ; then that is all that the bond required of the defendant. But if the goods were there, but the house was barred and the plaintiffs were prevented by James M. Bell and his family in conjunction with the defendant from taking a levy, then the true spirit and meaning of that bond was violated, and plaintiffs would be entitled to recover." [1]

" 3. That unless the defendant prevented plaintiffs from taking possession of said goods she is not liable, and the verdict must be in favor of the defendant. *Answer :* If the defendant either by herself or in conjunction with the family of James M. Bell prevented the plaintiffs from entering and taking a levy she would be liable ; otherwise she would not." [2]

" 4. That under the uncontradicted evidence in this case the said defendant had no power or control over the leased premises, and could not, against the will of her sister, wife of the lessee, have given said officer access thereto. *Answer :* It is probably true, gentlemen of the jury, that Miss Evans could not have compelled her sister, Mrs. Bell, to open the door. I mean that she would have no legal right to do so ; and we are to bear in mind that Miss Evans was not on this bond undertaking to control the conduct of herself alone ; but she was undertaking that James M. Bell and his wife would retain their property there so as to be beneficially answerable for the plaintiffs' claim, and if they prevented plaintiffs from entering the house, and denied the plaintiffs any beneficial interest, or any benefit of the remaining of the goods there, then the defendant would be liable under her bond." [3]

" 5. That if the jury believe that all the goods of J. M. Bell and wife were on the premises on September 1, 1892, that were there on July 1, 1892, then the terms of the bond were complied with, and the verdict must be in favor of the defendant. *Answer :* This would only be true acccording to the view we take of this bond ; in case the goods were there open to access to the landlords, the plaintiffs in this case ; but if they were there in fact, but the landlords by their agent were in fact prevented

from any benefit of the presence of the goods on the property, then the defendant would be liable." [4]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1–4) instructions, quoting them.

*W. H. Cochran, S. Griffith & Son* with him, for appellant.

*J. J. Alexander,* for appellees, cited : Shaw v. Turnpike Co., 2 P. & W. 454; Preston v. Finney, 2 W. & S. 54 ; Alexander v. Hoffman, 5 W. & S. 382; Parsons on Contracts, par. 975 ; Campbell v. Gates, 10 Pa. 483 ; Seipel v. International Life Ins. and Trust Co., 84 Pa. 47.

OPINION BY MR. CHIEF JUSTICE STERRETT, Nov. 13, 1893 :

This action, commenced before a justice of the peace and removed into the common pleas by appeal from his judgment, is based on defendant's penal bond of July 1, 1892, to the "heirs of H. D. Crawford." The condition of the bond is, " that whereas the said heirs have issued a landlord's warrant against their tenant, James M. Bell, to collect rent due from him, . . . . and whereas said heirs propose to give said James M. Bell indulgence until the first day of September, 1892, now, if the said James M. Bell and his wife shall retain and keep all their property in their house, and shall remove none of said property from their present house before the said first day of September, 1892, so that all the property belonging to said James M. Bell and wife, or either of them, shall remain on said premises on said first day of September, 1892, without any fraud or further delay, then this obligation to be void and of none effect, otherwise to be and remain in full force and virtue."

It was practically conceded that all the goods referred to were kept on the demised premises, and remained there until after the expiration of the time named in the bond; but it was contended that defendant's undertaking was that the property should be so kept on said premises "as to be beneficially answerable for plaintiff's claim " on said first day of September, 1892, and that she was bound to so control the action of the tenants that they would not then, or at any previous time, prevent access to, or seizure of said property for rent.

The main subject of complaint is that the learned president of the common pleas construed the bond substantially in accordance with the plaintiff's contention, and so instructed the jury. Among other things, in his answer to defendant's second and fourth points for charge, he said: " If the house was barred and plaintiffs were prevented by James M. Bell and his wife, in conjunction with defendant, from taking a levy, then the true spirit and meaning of that bond was violated and plaintiff would be entitled to recover." Again, he said: " It is probably true that Miss Evans could not have compelled her sister, Mrs. Bell, to open the door. I mean that she would have no legal right to do so. And we are to bear in mind that Miss Evans was not on this bond undertaking to control the conduct of herself alone, but she was undertaking that James M. Bell and his wife would retain their property so as to be beneficially answerable for plaintiffs' claim, and if they prevented plaintiffs from entering the house . . . . defendant would be liable under the bond."

It was only by thus construing the bond in suit that a verdict in favor of the plaintiffs was made possible. We are of opinion that such construction of the bond was not warranted by anything therein expressed; nor, does it contain anything from which such an undertaking, on the part of the defendant, can be fairly implied.

It is unnecessary to refer more specifically to the specifications of error. They all involve substantially the same question of construction.

Judgment reversed.